

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,239-02

### EX PARTE DERRICK LAMONT SMITH, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 77784-A IN THE 426TH DISTRICT COURT FROM BELL COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to aggravated assault bodily injury with a deadly weapon and was sentenced to fourteen years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that plea was involuntary because trial counsel never informed him that the jury could place him on probation even if it found him guilty as charged in the indictment. Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM.

PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant would have insisted on a trial but for counsel's alleged deficient performance. The trial court should make detailed findings regarding whether trial counsel told Applicant, prior to accepting the plea offer, that a jury could place Applicant on probation even if it found him guilty as charged in the indictment. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 14, 2021
Do not publish